| | |
|---|---|
| MCGREGOR W. SCOTT<br>United States Attorney<br>THOMAS M. NEWMAN<br>Assistant United States Attorneys<br>2500 Tulare Street, Suite 4401<br>Fresno, California 93721<br>Telephone: (559) 497-4000<br>Facsimile: (559) 497-4099<br>Attorneys for Plaintiff<br>United States of America | |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>PAO VANG,<br>　　a/k/a "CLOWNSY,"<br>JHOVANNY DELGADO-MARCELO<br>　　a/k/a "JHIO," and<br>JOHNNY XIONG,<br><br>　　　Defendants. | CASE NO. 1:20-mj-2-SKO<br><br>STIPULATION TO CONTINUE;<br>ORDER THEREON |

　　　This case is set for a hearing on April 17, 2020, which the parties stipulate to continue to June 5, 2020, for the reasons set forth below. On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19.

　　　Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Eastern District of California and the defendants, PAO VANG, a/k/a "CLOWNSY," JHOVANNY DELGADO-MARCELO, a/k/a "JHIO," and JOHNNY XIONG, by and through their counsel, hereby agree and stipulate to continue the status hearing and preliminary hearing in this matter, which is currently set for April 17, 2020. The parties request that the Court continue the date for the

defendants' preliminary hearing or arraignment to June 5, 2020, at 2:00 pm.  The parties also request that pursuant to Federal Rule of Criminal Procedure ("FRCP") 5.1(d), the time limits set forth in FRCP 5.1(c) be extended through June 5, 2020. The parties agree that, taking into account the public interest in prompt disposition of criminal cases, good cause exists for this extension.

The defendant also agrees to exclude for this period of time any time limits applicable under 18 U.S.C. § 3161.  The parties agree that the continuance represents the reasonable time necessary for effective preparation of counsel. 18 U.S.C. § 3161(h)(7)(A)-(B)(iv).  In support thereof, the parties stipulate that:

1. The government provided the Defendants with discovery consisting of recordings, photographs, and more than 1,000 pages documents.  This consisted of both initial and supplemental discovery that was provided on February 20, and March 2, 2020, respectively.  The defense needs time to review these reports and it is in the interest of the parties to delay the upcoming hearing until after the discovery is produced.
2. As a consequence, the parties agree that a continuance until June 5, 2020, is warranted.
3. The parties stipulate that the period of time from April 17, 2020, through June 5, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated:  April 3, 2020                                         MCGREGOR W. SCOTT
                                                              United States Attorney

                                                        By:   /s/ THOMAS NEWMAN
                                                              THOMAS NEWMAN
                                                              Assistant United States Attorney

Dated: April 3, 2020                                          /s/ Benjamin A. Gerson
                                                              Attorney for Defendant
                                                              JHOVANNY DELGADO-MARCELO

| | |
|---|---|
| Dated: April 3, 2020 | /s/ Robert Lamanuzzi<br>Attorney for Defendant<br>JOHNNY XIONG |
| Dated: April 3, 2020 | /s/ Harry Drandell<br>Attorney for Defendant<br>PAO VANG |

**O R D E R**

IT IS ORDERED that the defendants' preliminary hearing or arraignment is continued from April 17, 2020, at 2 pm until June 5, 2020, at 2 pm before Magistrate Judge Erica P. Grosjean.

IT IS FURTHER ORDERED THAT the period of time from April 17, 2020, through June 5, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(i) and (iv), and Fed. R. Crim. P. 5.1(d), because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

IT IS SO ORDERED.

Dated:   **April 7, 2020**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE